UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KENNETH TRAMMELL,<br><br>    Petitioner,<br><br>  v.<br><br>CITY OF SAN FRANCISCO,<br><br>    Respondent. | Case No.  1:21-cv-00178-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>(Doc. No. 1) |

Petitioner Nicholas Kenneth Trammell is a state prisoner proceeding *pro se* on his petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243.  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  Because the petition is duplicative of his earlier filed case and raises a civil right claim, the undersigned recommends that the petition be dismissed.

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

I.      FACTS AND BACKGROUND

The petition, initially filed in the Northern District of California, was transferred to this court on February 12, 2021. (Doc. No. 4). Petitioner was incarcerated at the California Institution for Men located in Chino, California when the petition was filed. According to the petition, petitioner has allegedly been subjected to "multiple civil rights violations" committed against him by various prison guards. (Doc. 1 at 3). Petitioner complains about "cruel and unusual prison conditions" and states guards have "yelled verbal sexual slurs." (*Id*. at 3-4). As relief, he seeks a "sentence modification" and damages for "mental anguish" and "personal damages." (*Id*. at 4).

The court takes judicial notice that petitioner has filed two previous petitions in this court: *Trammell v. State of California*, No. 1:20-cv-1448-JLT (HC), Doc. No. 1 (E.D. Cal. Feb. 2, 2021) (dismissed for failure to exhaust claims); and *Trammell v. State of California*, No. 1:21-cv-00126-NONE-SKO, Doc. No. 1 (E.D. Cal. Jan. 29, 2021). The second petition at No. 1:21-cv-00126-NONE-SKO remains pending, but the magistrate judge finding that the petition solely made civil rights claims recommended the District Court dismiss the petition and send petitioner a blank § 1983 complaint form.

II.     APPLICABLE LAW AND ANALYSIS

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) (citing *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688. In "assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

Here, the petition, although on the preapproved § 2254 form, does not challenge the fact or length of petitioner's confinement. *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991)

(noting purpose of habeas is to challenge "legality or duration" of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)).  Instead, the petition complains about the conditions of petitioner's confinement, which is properly challenged in a civil rights action under 42 U.S.C. § 1983.  *See Preiser*, 411 U.S. at 499.  While the court has discretion to construe a habeas petition as a civil rights action under § 1983, such recharacterization is appropriate only if it is "amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief."  *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016).  The undersigned does not find recharacterization proper in this case.  Petitioner does not name as defendants any of the guards who he alleges committed the offensive acts.  Instead, petitioner names the City of San Francisco as the named respondent.  (Doc. No. 1 at 1).  Further, the actions giving rise to petitioner's claims are not within the venue of this Court and instead lie within the venue of the Central District of California.  Further, the facts of this case parallel and are almost synonymous with the facts complained of in petitioner's earlier filed case at No. 1:21-cv-00126-NONE-SKO.  Therefore, the undersigned recommends that the petition be dismissed because it raises claims relating to petitioner's conditions of his confinement, not the fact or duration of his confinement, and is duplicative of his earlier-filed case.

Accordingly, it is ORDERD:

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further RECOMMENDED:

1. The District Court dismiss the petition (Doc. No. 1).

2. The Clerk be directed to terminate any pending motions and close this case.

NOTICE TO THE PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 4, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE